```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
RAFAEL PANTOJA,                                             :
                                                            :
                              Petitioner,                   :    **ORDER**
                                                            :
              - against -                                   :    13 Civ. 2267 (BMC)
                                                            :
WARDEN METROPOLITAN DETENTION                               :
CENTER,                                                     :
                                                            :
                              Respondent.                   :
                                                            :
----------------------------------------------------------- X
```

Petitioner asserts that the Bureau of Prisons ("BOP") has miscalculated the term of his imprisonment as a result of his overlapping state and federal convictions and that he should be released now. He seeks this relief under 28 U.S.C. § 2241. Because the BOP correctly calculated his federal sentence from the date on which he was sentenced, his petition is denied.

Petitioner was federally indicted on April 1, 2008, and a month later, he was writted into federal custody for purposes of his federal prosecution. At that time, he was already serving an indeterminate sentence of 54 months to nine years as a result of a state court conviction. He was returned to state custody on July 1, 2010, and then writted back into federal custody on April 11, 2011. On November 6, 2012, I entered the judgment that I had pronounced on October 15, 2012, which was for 18 months' custody, to run concurrently with any undischarged portion of his state court sentence. During sentencing, all parties were keenly aware of the issue raised by petitioner's back-and-forth movement between the state and federal system, and it was thoroughly explored. One difficulty was that it was unclear how much more time petitioner would have to serve on his state sentence, and the issue was discussed at some length. In

sentencing petitioner, I took into account the time he had already served as a result of his state court conviction and federal writs.

Petitioner's state sentence was discharged on March 27, 2013. Thus, approximately five months of the 18 month sentence I imposed turned out to be concurrent time.

Petitioner's complaint is that he did not receive credit for the time that he spent on his writs into federal custody prior to sentencing. Because of this, he asserts, the BOP did not give him good time credit for that period, and, if it had, he would be released now.

The Second Circuit has already ruled on, and rejected, petitioner's position in a case that cannot be distinguished. In Lopez v. Terrell, 654 F.3d 176 (2d Cir. 2011), the Court held that pretrial detention time cannot be counted towards a petitioner's sentence unless it is exclusively referable to the federal sentence that is ultimately imposed. In other words, where a petitioner is already serving a custodial state sentence at the time of indictment, then his pretrial detention cannot be counted towards the sentence that the federal court ultimately imposes, even if, for part of that time, he is writted into federal custody.

Petitioner, although not responding directly to the Government's reliance on Lopez, apparently seeks to distinguish his case by pointing out that as a result of the pre-sentence time he spent on a federal writ, he lost some opportunity for parole or earlier release from his state court sentence. We discussed that issue at his sentencing but I cannot see how it matters; the state authorities' method for calculating his release date does not affect the fundamental principle of exclusive reference to federal custody that Lopez requires. As the Sentencing Guidelines suggest, I expressly took into account the time petitioner had already served on his state sentence in calculating his federal sentence, and there is nothing that the BOP has done that is inconsistent with what I attempted to achieve at sentencing or with the BOP's own regulations.

2

The petition is therefore denied.  I need not reach the Government's point concerning failure to exhaust since the petition's lack of merit is apparent.  Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  <u>See</u> 28 U.S.C. § 2253.

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
       June 17, 2013